UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| **RICARDO REYES** | § |
| | § |
| v. | §    **CASE NO. <u>7:20-cv-00090</u>** |
| | § |
| **DAVID KAMAU NJANO and** | § |
| **KINGS LOGISTICS, LLC,** | § |

<u>**PLAINTIFF'S ORIGINAL COMPLAINT**</u>

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff RICARDO REYES and files this Original Complaint complaining of DAVID KAMAU NJANO and KINGS LOGISTICS, LLC and would respectfully show unto this Honorable Court the following:

**I. <u>PARTIES</u>**

1. Plaintiff RICARDO REYES (hereinafter "Plaintiff") is an individual residing in Plains, Yoakum County, Texas.

2. Defendant, DAVID KAMAU NJANO (hereinafter "Defendant") is an individual residing in Saginaw, Saginaw County, Michigan and can be served at his last known address of 1955 Harry Street, Saginaw, MI 48602.

3. Defendant, KINGS LOGISTICS, LLC (hereinafter "Defendant") is a limited liability company incorporated under the laws of Michigan and may be served by serving their registered agent, David Njano, 3301 Wicklow Ct., Suite 9, Saginaw, MI 48603.

**II. <u>JURISDICTION</u>**

3. The Court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds

1

$75,000, excluding interest and costs.

## III. VENUE

4. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events of omissions giving rise to this claim occurred in this district. Specifically, the wreck forming the basis of this suit occurred in Midland County, Texas

## IV. FACTUAL BACKGROUND

5. On January 2, 2019, Plaintiff, Ricardo Reyes was traveling safely on FM 1788 near MM 321 when Defendant, DAVID KAMAU NJANO, traveling at an unsafe speed on icy road conditions, slid across the northbound lanes to the southbound lanes and struck Plaintiff. The investigating officer cited Njano for traveling at an unsafe speed and faulted Defendant for causing the wreck. The impact caused serious and extreme personal injuries to the Plaintiff.

6. At all times material hereto, Defendant Njano was operating a commercial motor vehicle on behalf of Defendant KINGS LOGISTICS, LLC, motor carrier #02291387. Njano was acting as the employee, agent, servant, representative, and/or statutory employee of KINGS LOGISTICS, LLC

## V. NEGLIGENCE

7. As the basis of this lawsuit, Plaintiff states that the above-described wreck and resulting injuries and damages were proximately caused by the negligence of Defendant, DAVID KAMAU NJANO. Defendant's negligence includes, but is not limited to the following:

   a. failing to make a timely application of the brakes;
   b. failing to maintain a proper lookout;
   c. failing to turn his vehicle and avoid the wreck;
   d. taking faulty evasive action;
   e. failing to control his speed; and
   f. driving his vehicle at an unsafe speed.

8. Each and all of the above and foregoing acts, both of omission and commission, constitute and were negligence on the part of Defendant, and each and all separately and

concurrently were a proximate cause of the occurrence in question and the resulting injuries and damages suffered by Plaintiff.

9. Plaintiff would show that at all times material hereto, Defendant, Njano was acting as the employee, statutory employee, agent, servant, and/or representative of Defendant, KINGS LOGISTICS, LLC. As such, KINGS LOGISTICS, LLC is vicariously liable for the negligent actions and omissions of Njano described above pursuant to the doctrine of Respondeat Superior. Further, at the time of the wreck, the Freightliner commercial motor vehicle was being operated by Njano pursuant to certificates of authority issued by the United States Department of Transportation to Defendant. Thus, pursuant to Federal motor carrier statutes (including but not limited to 49 C.F.R. §§ 376.11-376.12, 390.5, and Tex. Admin. Code § 4.11(a)) and common law, Defendant, KINGS LOGISTICS, LLC is absolutely liable for any damages to members of the motoring public resulting from the negligent operation of the motor vehicle, regardless of whether such damages resulted from (i) Defendant, KINGS LOGISTICS, LLC' negligence in hiring Njano and authorizing Njano to drive the truck and trailer; (ii) Njano's driving the truck and trailer as the statutory employee of KINGS LOGISTICS, LLC; and/or (iii) KINGS LOGISTICS, LLC' maintenance of the truck and trailer or supervision of Njano in the operation of the truck and trailer.

10. In addition, Defendant, KINGS LOGISTICS, LLC was negligent in the hiring, retention, training, and supervision, of Njano and those actions and omissions are also a proximate cause of the injuries and damages sustained by Plaintiff.

## VI. GROSS NEGLIGENCE

11. Defendants were not only negligent, but also grossly negligent as defined under Texas law. For the reasons outlined above, Njano's operation of the KINGS LOGISTICS, LLC tractor and trailer amounted to gross negligence as well as negligence. KINGS LOGISTICS,

LLC is vicariously liable for Njano's gross negligence in operating the commercial motor vehicle. Additionally, KINGS LOGISTICS, LLC was grossly negligent in the hiring, training, supervision and retention of Njano and other drivers it employed and/or allowed to operate a commercial motor vehicle. KINGS LOGISTICS, LLC has failed to demonstrate compliance with the Federal Motor Carrier Safety Regulations, Department of Transportation Regulations, and standard safety practices applicable to motor carriers. As such KINGS LOGISTICS, LLC is also grossly negligent and liable for its own actions and omissions amounting to gross negligence.

## VII. **DAMAGES**

12. As a direct and proximate cause of the wreck made the basis of this suit, Plaintiff has suffered actual damages, including, but not limited, to:

      a.    past and future medical expenses;
      b.    past and future pain and suffering;
      c.    past and future physical impairment;
      d.    past and future mental anguish; and
      e.    past and future loss of household services.

13. Defendants are jointly and severally liable for all of the injuries and damages sustained by Plaintiff proximately caused in this wreck.

14. Plaintiff seeks to recover any and all damages he may be entitled to under Texas law, both in the past and the future, jointly and severally, at law and in equity. Additionally, Plaintiff seek to recover punitive or exemplary damages against Defendants for their actions and omissions amounting to gross negligence in an amount that is designed to both punish Defendants and deter Defendants and others similarly situated from committing the same or similar acts in the future. Plaintiff seeks prejudgment and post-judgment interest in accordance with and at the maximum rate allowed by law, as well as costs of court.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that, after due process of law, Plaintiff have judgment against Defendants in actual damages together with treble damages, exemplary damages, pre-judgment interest, post-judgment interest, attorney's fees, costs of suit, and such other and further relief, both general and special, in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**CHANDLER, MATHIS & ZIVLEY, P.C.**
P.O. Box 340
Lufkin, Texas 75902-0340
Phone: (936) 632-7778
Fax: (936) 632-1304

By: _/s/ Kirk Mathis_
Kirk Mathis
Texas Bar No. 24006078
kmathis@cmzlaw.net

**and**

**CESAR ORNELAS LAW, PLLC**
Cesar Ornelas
Texas State Bar No. 24096139
cesar@oinjurylaw.com
6243 IH-10 West, Suite 808
San Antonio, TX 78201
Phone: (210) 957-2103
Fax: (888) 342-8033

*ATTORNEYS FOR PLAINTIFF*